IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Bradley Wayne Walker, | ) | C/A No.: 5:21-3624-HMH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Lexington County Detention Center; | ) | |
| Wellpath; Dr. Jose J. Chavez; Lexington | ) | |
| County; Nurse Practitioner Beth Rouse; V. | ) | |
| Bookman, classification correctional | ) | |
| officer; Correctional Officer Novak (or | ) | |
| Novac), and Sgt. O. Thomas, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Bradley Wayne Walker ("Plaintiff"), proceeding pro se, is an inmate incarcerated in the Lexington County Detention Center. Plaintiff filed this action on November 3, 2021, amended on December 7, 2021, alleging violations of his constitutional rights by Wellpath, Dr. Jose J. Chavez, Lexington County, Nurse Practitioner Beth Rouse, Classification Correctional Officer V. Bookman, Correctional Officer Novak (or Novac), and Sgt. O. Thomas.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the Complaint.

I.    Factual and Procedural Background

Plaintiff claims he has two abdominal hernias and/or stomach defects that are so obvious a layperson can tell. ECF No. 1 at 6. Plaintiff claims his hernias are a "sufficiently serious medical need." *Id.* Plaintiff alleges he suffers from chronic pain, cramps, nausea, vomiting, and diarrhea or constipation. *Id.* Plaintiff says he requested surgery several times, but Dr. Chavez and the jail staff

have refused his requests. *Id*. Plaintiff alleges Nurse Practitioner Rouse told him they would only provide Plaintiff with a hernia belt, on and off, even though Plaintiff still suffers from vomiting, cramps, and nausea. ECF No. 1-3 at 1. Plaintiff claims defendants are punishing him. *Id*. at 1–2. Plaintiff also alleges Novak put a roommate in his room after Bookman said Plaintiff was to be housed alone. ECF No. 1-3 at 1. Plaintiff says he explained to Novak if he fought anyone and was hit in his stomach, his stomach defects and/or hernias could erupt and he could die. *Id.* Plaintiff says Novak would not listen to him, and this put him at risk. *Id*. Plaintiff claims he told Novak he would show her his request to Bookman, but Novak said it would not matter. *Id.* Plaintiff alleges even though Bookman agreed to Plaintiff being housed alone, she did not classify Plaintiff that way. *Id.* Plaintiff alleges Thomas would not give him the full names of Officers Novak or V. Bookman saying it was a safety risk to do so. *Id.* Plaintiff seeks monetary damages and injunctive relief. *Id*. at 3.

II.     Discussion

A.     Standard of Review

Plaintiff filed his Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

2

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

1. Medical Indifference

Plaintiff alleges medical indifference claims concerning the failure to grant his request for surgery for his hernia/stomach defects. ECF No. 1. To establish an Eighth Amendment violation, Plaintiff must show defendants exhibited "deliberate indifference" to his "serious medical needs." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). A claim of deliberate medical indifference requires more than a showing of mere negligence, *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976), and "more than ordinary lack of due care for the prisoner's interests or safety." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). The Fourth Circuit has noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990). The undersigned finds Plaintiff has failed to allege sufficient facts to state a medical indifference claim as Plaintiff has indicated he received treatment for his stomach/hernia problems via the use of a

3

hernia belt. *See Brown v. Thompson*, 868 F. Supp. 326, 331 (S.D. Ga. 1994) (finding that although the provision of medical care by prison officials is not discretionary, the type and amount of medical care is discretionary). Further, Plaintiff has not provided the court with sufficient information to determine if his hernia difficulties are a serious medical condition.

To the extent Plaintiff seeks to pursue a medical malpractice claims against Defendants, this claims is also subject to summary dismissal. The law is well settled that negligence, in general, is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328–336 & n.3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345–348 (1986); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) (*Daniels* bars an action under § 1983 for negligent conduct). Similarly, medical malpractice, a state law tort, is not cognizable under 42 U.S.C. § 1983. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner"). As Plaintiff's allegations do not rise to the level of deliberate indifference to medical needs, and negligence/medical malpractice are not constitutional violations under § 1983, Plaintiff's claims related to the treatment of his hernia/stomach defect is subject to summary dismissal.

2. Conditions of Confinement

The Fourteenth Amendment proscribes incarcerating a pretrial detainee in conditions that "amount to punishment, or otherwise violate the Constitution." *Bell v. Wolfish*, 441 U.S. at 520. To demonstrate that conditions of confinement constitute cruel and unusual punishment, [an inmate] must (1) establish that prison officials acted with 'deliberate indifference' and (2) prove extreme deprivations of basic human needs or 'serious or significant' pain or injury." *Smith v. Ozmint*, 578 F.3d 246, 255 (4th Cir. 2009) (quoting *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996)). To demonstrate that the conditions deprived him of a basic human need, a plaintiff

4

must allege officials failed to provide him with humane conditions of confinement, such as "adequate food, clothing, shelter, and medical care, and [taking] reasonable measures to guarantee the safety of the inmates." *Farmer*, 511 U.S. at 832. The undersigned finds Plaintiff's claims concerning being housed with a roommate fails to establish Plaintiff was exposed to conditions constituting extreme deprivations of a basic human need.  Further, Plaintiff has  failed to allege any facts to establish he suffered serious or significant pain or injury from being placed in a cell with a roommate.

### 3.   Insufficient Factual Allegations

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

Plaintiff's Complaint does not contain any factual allegations of constitutional wrongdoing or discriminatory actions attributable to Defendants Bookman and Thomas. Accordingly, Plaintiff's civil rights claim against these defendants should be summarily dismissed. *See Leer v. Murphy*, 844 F.2d 628 (9th Cir. 1988) (noting "[s]weeping conclusory allegations against a prison official will not suffice"; an inmate must set forth specific facts as to each individual defendant's participation).

4. Not a Person pursuant to § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In this case, Plaintiff names Lexington County Detention Center ("LCDC") as a defendant, however, LCDC is not a person amenable to suit under § 1983, but a collection of buildings, facilities, and grounds that do not act under color of state law. *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690 (1978); *Nelson v. Lexington Cnty. Det. Ctr.*, No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that the plaintiff failed to establish that the Lexington County Detention Center, "as a building and not a person, is amenable to suit under § 1983"). Accordingly, Plaintiff's claim against LCDC is subject to summary dismissal.

5. Municipality Liability

Plaintiff's claim against Lexington County should also be dismissed. A municipality or other local government entity may only be held liable under 42 U.S.C. § 1983 "where the constitutionally offensive actions of [] employees are taken in furtherance of some municipal 'policy or custom.'" *See Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir. 1984) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)); *see also Wolf v. Fauquier Cnty. Bd. of Supervisors*, 555 F.3d 311, 321 (4th Cir. 2009) ("A county may be found liable under 42 U.S.C. § 1983 [but] only 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts injury.'") (citing *Monell*, 436 U.S. at 694). Plaintiff fails to identify any governmental policy or custom that caused his constitutional rights to be allegedly violated. As such, Plaintiff's claims

against Lexington County are subject to summary dismissal. *See Ashcroft v. Iqbal*, 556 U.S. at 678–79.

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the court dismiss the Complaint, amended on December 7, 2021, without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.


January 14, 2022                                                Kaymani D. West
Florence, South Carolina                                 United States Magistrate Judge

**The parties are directed to note the important information in the attached**
**"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. [I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).