IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Bradley Wayne Walker, | ) |
| | ) C.A. No. 5:21-cv-03624-HMH-KDW |
| Plaintiffs | ) |
| | ) |
| vs. | ) **OPINION & ORDER** |
| | ) |
| Lexington County Detention Center; | ) |
| Wellpath; Dr. Jose J. Chavez; | ) |
| Lexington County; Nurse Practitioner | ) |
| Beth Rouse; V. Brookman, | ) |
| a classification correctional officer; | ) |
| Correctional Officer Novak (or Novac); | ) |
| and Sgt. O. Thomas, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Bradley Wayne Walker ("Plaintiff"), proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. (Compl., generally, ECF No. 1.) In her Report and Recommendation, Magistrate Judge West recommends dismissing the complaint without prejudice and without issuance and service of process pursuant to 28 U.S.C. § 1915. (R&R, generally, ECF No. 29.)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

1

For the reasons stated below, the court adopts the magistrate judge's Report and Recommendation in part.

### I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff is a state pretrial detainee currently incarcerated in the Lexington County Detention Center. (Compl., generally, ECF No. 1.) He claims that he has "two abdominal hernias and/or stomach defects that are so obvious [] a layperson can tell." (Id. 6, ECF No. 1.) As a result, Plaintiff alleges that he suffers from chronic pain, cramps, nausea, vomiting, diarrhea and constipation. (Id. 6, ECF No. 1.) Plaintiff asserts that he has "requested surgery several times," but his requests have been denied. (Id. 6, ECF No. 1.) Instead, Plaintiff alleges that he was told that the medical staff would provide him with a hernia belt, which he avers is insufficient to treat his hernias. (Compl. 1, ECF No. 1-3.) Plaintiff further contends that "[i]f [he falls] on [his] stomach or if someone punches [him]. . .[he] could [] die . . . ." (Id. 6, ECF No. 1.) Plaintiff filed his complaint on November 1, 2021.[2] (Compl. Env., ECF No. 1-2.) The magistrate judge issued a Report and Recommendation recommending the court dismiss the complaint on January 14, 2022. (R&R, generally, ECF No. 29.) On January 22, 2022, Plaintiff filed objections to the Report and Recommendation. (Objs., ECF No. 31.) This matter is now ripe for review.

---

[2] Houston v. Lack, 487 U.S. 266 (1988).

## II. DISCUSSION OF THE LAW

### A. Dismissal Pursuant to 28 U.S.C. § 1915

28 U.S.C. § 1915 permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under § 1915(e).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Under the liberal construction afforded to pro se complaints, if the court can reasonably construe the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390–91 (4th Cir. 1990).

### B. Objections

Plaintiff filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of

a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Plaintiff's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection. In his objections, Plaintiff argues that the magistrate judge wrongfully concluded that he failed to allege sufficient facts to state a medical indifference claim against Wellpath, Dr. Jose Chavez, and Nurse Practitioner Beth Rouse. (Objs. 1, ECF No. 31.) The magistrate judge recommended dismissing this claim because "Plaintiff has not provided the court with sufficient information to determine if his hernia difficulties are a serious medical condition." (R&R 4, ECF No. 29.) At the pleading stage, the court is required to accept all plausible factual allegations made in the complaint as true and to consider those facts in the light most favorable to plaintiff. Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

> An Eighth Amendment claim for deliberate indifference to serious medical needs
>
> includes objective and subjective elements. The objective element requires a serious medical condition. A medical condition is objectively serious when it either is diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. To satisfy the subjective element, the prison official must have acted with a sufficiently culpable state of mind. The subjective state of mind required is that of deliberate indifference ... to inmate health or safety. And deliberate indifference requires that the official have "had actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction.

Mays v. Sprinkle, 992 F.3d 295, 300 (4th Cir. 2021) (internal citations and quotation marks omitted).

A hernia can qualify as an objectively serious medical problem. Webb v. Driver, No. 08-6449, 2008 WL 5063859 at *1 (4th Cir. Nov. 24, 2008) (per curiam) (unpublished) (finding plaintiff had stated a claim where plaintiff alleged that "officials were deliberately indifferent to this serious medical problem by failing to schedule his medically necessary hernia surgery" and that "he was in unbearable pain due to the delay and that his condition had deteriorated") (citing Johnson v. Doughty, 433 F.3d 1001, 1010 (7th Cir. 2006)).

Here, Plaintiff alleges that he is suffering from two hernias and has been denied surgery to properly treat the issue. (Compl.4-5, ECF No. 1.) Further, he alleges that the condition is so serious that a layperson would recognize that medical care is needed. (Id. 6, ECF No. 1.) In addition, he contends that he continues to suffer from significant symptoms, including chronic pain, nausea, vomiting, diarrhea, and constipation. (Id. 6, ECF No. 1.) Plaintiff submits that he has been provided a hernia belt, but this has not improved his condition. (Id. 6, ECF No. 1.) Accordingly, the court finds that at this stage of the proceedings Plaintiff's deliberate indifference claim should not be dismissed, and service should be effected.

Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge West's Report and Recommendation to the extent that it is consistent with this opinion. All of Plaintiff's claims against Defendants Lexington County Detention Center, Wellpath, Dr. Jose J. Chavez, Lexington County, Nurse Practitioner Beth Rouse, V. Brookman, Correctional Officer Novak (or Novac), and Sgt. O Thomas are dismissed

pursuant to 28 U.S.C. § 1915, with the exception of his deliberate indifference claim asserted against Wellpath, Nurse Practitioner Beth Rouse, and Dr. Jose J. Chavez.

It is therefore

**ORDERED** that this case is remanded to the magistrate judge for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

                                                s/ Henry M. Herlong, Jr.
                                                Senior United States District Judge

Greenville, South Carolina
January 27, 2022