IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Bradley Wayne Walker, ) | |
| ) | C.A. No. 5:21-03624-HMH-KDW |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Wellpath; Dr. Jose J. Chavez; and ) | |
| Nurse Practitioner Beth Rouse, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Bradley Wayne Walker ("Plaintiff"), proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. (Compl., generally, ECF No. 1.) In her Report and Recommendation, Magistrate Judge West recommends denying Plaintiff's motion for a preliminary injunction (R&R, generally, ECF No. 66.) For the reasons stated below, the court adopts the magistrate judge's Report and Recommendation, and denies Plaintiff's motion.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff is a state pretrial detainee currently incarcerated in the Lexington County Detention Center ("LCDC"). (Compl., generally, ECF No. 1.) He alleges that he has "two abdominal hernias and/or stomach defects that are so obvious [] a lay person can tell." (Id. 6, ECF No. 1.) As a result, Plaintiff claims that he suffers from chronic pain, cramps, nausea, vomiting, diarrhea and constipation. (Id. 6, ECF No. 1.) Plaintiff asserts that he has "requested surgery several times," but his requests have been denied. (Id. 6, ECF No. 1.) Instead, Plaintiff alleges that he was told that the medical staff would provide him with a hernia belt, which he avers is insufficient to treat his hernias. (Supp. Docs. 1, ECF No. 1-3.) Plaintiff further contends that "[i]f [he falls] on [his] stomach or if someone punches [him]. . .[he] could [] die . . . ." (Compl. 6, ECF No. 1.)

Plaintiff filed his complaint on November 1, 2021.[2] (Compl. Env., ECF No. 1-2.) On February 23, 2022, the Defendants filed an answer generally denying the allegations. (Ans., ECF No. 44.) On February 23, 2022, Plaintiff filed a one-page motion for a preliminary injunction seeking an order directing the Defendants to transport him somewhere to undergo surgery to repair or remove his hernias and/or defects.[3] (Mot. Prelim. Inj. 1, ECF No. 48.) On March 11, 2022, the Defendants filed a response in opposition. (Resp. Opp'n, ECF No. 51.) On April 7, 2022, Plaintiff replied.[4] (Reply, ECF No. 57.) The magistrate judge issued a Report and Recommendation recommending the court deny Plaintiff's motion for a preliminary

---

[2] Houston v. Lack, 487 U.S. 266 (1988).

[3] Houston v. Lack, 487 U.S. 266 (1988).

[4] Houston v. Lack, 487 U.S. 266 (1988).

injunction on May 12, 2022. (R&R, generally, ECF No. 66.) On May 20, 2022, Plaintiff filed objections to the Report and Recommendation.[5] (Objs. (Env.), ECF No. 69-1.) This matter is now ripe for review.

## II. Discussion of the Law

### A. Preliminary Injunction

Preliminary injunctions are "an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). A preliminary injunction should issue only when a plaintiff can "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20. The burden is on the party seeking injunctive relief to show it is entitled to the relief. Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty, 415 U.S. 423, 443 (1974).

"[A]ll four requirements must be satisfied." Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 559 U.S. 1089 (2010). Thus, even a strong showing of likely success on the merits cannot overcome the failure to show likely injury. Winter, 555 U.S. at 21-22.

"Given [the] limited purpose [of a preliminary injunction], and given the haste that is often necessary . . ., a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." Univ. of Tex. v. Camenisch, 451 U.S. 390, 395 (1981). "Because preliminary injunction proceedings are

---

[5] Houston v. Lack, 487 U.S. 266 (1988).

informal ones designed to prevent irreparable harm before a later trial governed by the full rigor of usual evidentiary standards, district courts may look to, and indeed in appropriate circumstances rely on, hearsay or other inadmissible evidence when deciding whether a preliminary injunction is warranted." G.G. ex rel. Grimm v. Gloucester Cty. Sch. Bd., 822 F.3d 709, 725-26 (4th Cir. 2016), vacated and remanded on other grounds, 137 S. Ct. 1239 (2017).

### B. Objections

Plaintiff filed objections to the Report and Recommendation. (Objs., ECF No. 69.) Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

After review, Plaintiff specifically objects to the magistrate judge's finding that he has not established the required elements for the issuance of a preliminary injunction. (Objs. 3, ECF No. 69.) Based upon a review of the record, the court finds that Plaintiff has failed to make a clear showing that he is likely to succeed on the merits of his claims or that he is likely to suffer irreparable harm in the absence of preliminary relief. Thus, Plaintiff's objections are without merit.

In order to establish a claim under 42 U.S.C. § 1983, a plaintiff must assert: (1) "the violation of a right secured by the Constitution and laws of the United States"; and (2) "that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins,

487 U.S. 42, 48 (1988). Here, Plaintiff has alleged that Defendants have been deliberately indifferent to his "serious medical need" due to his hernias, and therefore, violated his constitutional rights by failing to provide him with surgery.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (internal quotation marks and citation omitted). A deliberate indifference to a serious medical need claim consists of an objective and subjective prong. Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014). To satisfy the objective prong, an inmate must show that he has a medical condition that is serious. Mays v. Sprinkle, 992 F.3d 295, 300 (4th Cir. 2021) (internal citations and quotations omitted). "A medical condition is objectively serious when it either is diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (internal quotation marks omitted). Under the subjective prong,

> the prison official must have acted with a sufficiently culpable state of mind. The subjective state of mind required is that of deliberate indifference . . . to inmate health or safety. And deliberate indifference requires that the official have had actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction.

Id. (internal citations and quotations omitted).

As to the first factor, Plaintiff has failed to make an adequate showing that he is likely to succeed on the merits. Plaintiff asserts that he has shown that he is likely to succeed on the merits because he claims that he has "two abdominal hernias and/or stomach defects that are so obvious [] a layperson can tell." (Compl. 6, ECF No. 1); (Reply 1,3, ECF No. 57.) To support this contention, Plaintiff provided a notarized statement of a fellow inmate attesting that

Plaintiff's hernias are growing larger in size, as well as medical notes reflecting that Plaintiff has a hernia. (Id., ECF 57-1.)

In addition, Plaintiff contends that Defendants exhibited deliberate indifference for his medical needs by failing to schedule Plaintiff for surgery to repair his hernia and/or other defects despite knowledge of the severity of his hernias. (Id. 2-3, ECF No. 57.) Plaintiff admits that he has received treatment to relieve his symptoms. However, he disagrees with the course of treatment provided by Defendants. (Id. 1, ECF No. 57.) A disagreement alone regarding a physician's method of treatment does not rise to the level of an Eighth Amendment violation. See United States v. Clawson, 650 F.3d 530, 538 (4th Cir. 2011); Wright v. Collins, 766 F.2d 841, 849 (4th Cir.1985) (citation omitted). Accordingly, Plaintiff's argument pertains to Defendants' medical judgment, not their deliberate indifference. Based on the foregoing, Plaintiff has failed to demonstrate that he is likely to succeed on the merits of his deliberate indifference claim.

Further, Plaintiff has not shown that he will suffer irreparable harm in the absence of preliminary relief. To satisfy this factor, Plaintiff "must make a clear showing of irreparable harm . . . and the required irreparable harm must be neither remote nor speculative, but actual and imminent." Scotts Co. v. United Indus. Corp., 315 F.3d 264, 283 (4th Cir. 2002) (internal quotation marks omitted). Further, "a plaintiff must demonstrate more than just a 'possibility' of irreparable harm." Di Biase v. SPX Corp., 872 F.3d 224, 230 (4th Cir. 2017). "[M]erely asserting a constitutional claim is insufficient to trigger a finding of irreparable harm." Talleywhacker, Inc. v. Cooper, 465 F. Supp. 3d 523, 542 (E.D.N.C. 2020). Plaintiff has failed to provide any objective evidence that immediate surgery is medically necessary to avoid

irreparable harm. Defendants have provided Plaintiff with a hernia belt to treat his symptoms, and the assertion that his hernias may be growing in size, without more, is insufficient to show irreparable harm.

Therefore, at this juncture, the court finds that Plaintiff has failed to demonstrate that surgery is necessary to avoid irreparable harm.

### III. CONCLUSION

For the reasons discussed above, Plaintiff has failed to demonstrate a likelihood of success on the merits and, for this reason, his motion for a preliminary injunction must be denied. Moreover, Plaintiff has also failed to demonstrate that he is likely to suffer irreparable harm. Accordingly, Plaintiff has failed to satisfy the standard for the issuance of a preliminary injunction.

Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge West's Report and Recommendation and incorporates it herein by reference.

It is therefore

**ORDERED** Plaintiff's motion for a preliminary injunction, docket number 48, is denied.

**IT IS SO ORDERED.**

s/ Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
June 1, 2022

**NOTICE OF RIGHT TO APPEAL**

The Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.