IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Bradley Wayne Walker, ) | |
| ) | C.A. No. 5:21-03624-HMH-KDW |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Wellpath; Dr. Jose J. Chavez; and ) | |
| Nurse Practitioner Beth Rouse, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Bradley Wayne Walker ("Plaintiff"), proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. (Compl., generally, ECF No. 1.) In her Report and Recommendation, Magistrate Judge West denied Plaintiff's fourth motion for an extension of time and recommended dismissing this case for failure to prosecute and granting Defendants' motion for summary judgment. (R&R, generally, ECF No. 116.) For the reasons stated below, the court adopts the magistrate judge's Report and Recommendation and grants Defendants' motion for summary judgment.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

1

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff is a state pretrial detainee currently incarcerated in the Lexington County Detention Center ("LCDC"). (Compl., generally, ECF No. 1.) He alleges that he has "two abdominal hernias and/or stomach defects that are so obvious [] a lay person can tell." (Id. 6, ECF No. 1.) As a result, Plaintiff claims that he suffers from chronic pain, cramps, nausea, vomiting, diarrhea, and constipation. (Id. 6, ECF No. 1.) Plaintiff asserts that he has "requested surgery several times," but his requests have been denied. (Id. 6, ECF No. 1.) Instead, Plaintiff alleges that he was told that the medical staff would provide him with a hernia belt, which he avers is insufficient to treat his hernias. (Supp. Docs. 1, ECF No. 1-3.) Plaintiff further contends that "[i]f [he falls] on [his] stomach or if someone punches [him]. . .[he] could [] die . . . ." (Compl. 6, ECF No. 1.)

Plaintiff filed his complaint on November 3, 2021. (Compl., ECF No. 1-2.) On February 23, 2022, Defendants filed an answer generally denying the allegations. (Ans., ECF No. 44.) On February 23, 2022, Plaintiff filed a one-page motion for a preliminary injunction seeking an order directing Defendants to transport him somewhere to undergo surgery to repair or remove his hernias and/or defects.[2] (Mot. Prelim. Inj. 1, ECF No. 48.) The magistrate judge issued a Report and Recommendation recommending the court deny Plaintiff's motion for a preliminary injunction on May 12, 2022. (R&R, generally, ECF No. 66.) Plaintiff filed objections, and after review, the court adopted the Report and Recommendation and denied the motion for preliminary injunction on June 1, 2022. (Op. & Order, ECF No. 71.) On August 19, 2022, Defendants filed a motion for summary judgment. (Mot. Summ. J., ECF No. 100.) A

---

[2] Houston v. Lack, 487 U.S. 266 (1988).

Roseboro order was issued providing that the response was due September 26, 2022.  (Roseboro Order, ECF No. 102.)  Plaintiff filed four separate motions for extensions of time to respond to the motion for summary judgment, largely seeking more time to review discovery materials, which Plaintiff received in August 2022, and consult with his pro bono paralegal.  (Mots. Extension Time, ECF Nos. 104, 109, 112, 115.)  The magistrate judge granted three of the motions for extension of time.  (Text Orders, ECF Nos. 105, 110, 113.)

Plaintiff's fourth motion for extension of time, dated November 29, 2022, argues that he still had not had enough time to review discovery and file motions for additional discovery.  (Fourth Mot. Extension Time, ECF No. 115.)  On December 21, 2022, the magistrate judge issued her Report and Recommendation denying the motion for extension of time and recommending that the case be dismissed for failure to prosecute pursuant to Rule 41 of the Federal Rules of Civil Procedure and that the court grant the Defendants' motion for summary judgment.  (R&R, ECF No. 116.)

## II.  DISCUSSION OF THE LAW

Plaintiff filed objections to the Report and Recommendation.  (Objs., ECF No. 118.)  Objections to the Report and Recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

After review, the court was able to glean the following specific objections to the magistrate judge's Report and Recommendation: Plaintiff objects (1) that his request for extension should have been granted because Defendants failed to provide him with all documentation, (2) to the magistrate judge's finding that he failed to exhaust his administrative remedies because Defendants failed to promptly respond to his grievance, and (3) to the magistrate judge's finding that Defendants were not deliberately indifferent because they "knew of Plaintiff's serious medical need and ignored it for over a year." (Objs., generally, ECF No. 118.)

### 1. Denial of Motion for Extension of Time

Plaintiff's first objection – that his fourth motion for extension of time should have been granted because Defendants failed to provide him with all documentation – is without merit. Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, the court may involuntarily dismiss a case when "the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order. . . ." In deciding this issue, the court must consider the following factors: "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and (iv) the existence of a sanction less drastic than dismissal." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). This is not a sanction that may be invoked lightly. Id. However, the facts of this case weigh in favor of dismissal.

As noted above, Defendants filed their motion for summary judgment on August 19, 2022. (Mot. Summ. J., ECF No. 100.) A Roseboro order was issued providing that the response was due September 26, 2022. (Roseboro Order, ECF No. 102.) Plaintiff filed four separate

motions for extensions of time to respond to the motion for summary judgment largely seeking more time to review discovery materials, which Plaintiff had received in August 2022. (Mots. Extension Time, ECF Nos. 104, 109, 112, 115.) The magistrate judge granted three of the motions for extension of time. (Text Orders, ECF Nos. 105, 110, 113.) The magistrate judge granted the Plaintiff's first two motions for extensions (granting the Plaintiff 14 days and 30 days respectively) to respond to the motion for summary judgment. In a text order on November 15, 2022, partially granting Plaintiff's third motion for extension of time, the magistrate judge stated in pertinent part as follows:

> Plaintiff filed this Complaint on November 3, 2021. Since that time, Plaintiff has filed numerous letters and motions with the court. These motions include various requests for discovery, as well as requests for appointment of counsel. Plaintiff indicates that he received discovery in August, more than two months ago. This is the third extension Plaintiff has sought to respond to Defendants' Motion, which was filed on August 19, 2022, and after which time Plaintiff had the discovery that he requested be provided to him by Defendants. Accordingly, after review of Plaintiff's Motion and considering the several requests and extensions previously granted to Plaintiff, the court will grant Plaintiff's Motion for an extension of time, ECF No. 112, but Plaintiff will only receive an additional 14 days to file a response. Plaintiff's response is now due November 29, 2022. No further extensions will be granted.

(Text Order, ECF No. 113.) Instead of filing a response to the motion for summary judgment, Plaintiff filed a fourth motion for extension of time that was dated November 29, 2022, arguing that he had not had enough time to review discovery and file motions for additional discovery. (Fourth Mot. Extension Time, ECF No. 115.) On December 21, 2022, the magistrate judge issued her Report and Recommendation denying the motion for extension of time and recommending that the case be dismissed for failure to prosecute pursuant to Rule 41 of the Federal Rules of Civil Procedure and that the court grant Defendants' motion for summary judgment. (R&R, ECF No. 116.)

5

Plaintiff, proceeding pro se, is personally responsible for his failure to respond to the motion for summary judgment. Further, Plaintiff's actions in this case demonstrate a history of deliberately proceeding in a dilatory fashion. There is no evidence that any relevant documentation has been withheld by Defendants. Further, Plaintiff's repeated requests for extension were largely based on the volume of discovery that Defendants provided to Plaintiff in August 2022. Plaintiff was provided with more than ample time to respond to the motion for summary judgment and was warned that no further extensions would be granted. (Text Order, ECF No. 113.) However, Plaintiff did not file a response to the motion for summary judgment. Instead, Plaintiff filed a fourth motion for extension of time, four months after the motion for summary judgment was filed and over a year after this case was filed, alleging that he needed to take depositions of Defendants and had not had enough time to conduct discovery. (Fourth Mot. Ext. Time, ECF No. 115.) Plaintiff has failed to allege any extraordinary circumstances that would warrant a further extension in this case. Moreover, the court finds that Plaintiff has failed to diligently prosecute his case and to file a response despite being warned that no further extensions would be granted. See, e.g., Wright v. Darby, No. 4:16-CV-218-TLW, 2017 WL 242811, at *2 (D.S.C. Jan. 20, 2017) (unpublished). Therefore, Plaintiff's claims are hereby dismissed pursuant to Rule 41(b) for failure to prosecute. However, even considering the merits of Plaintiff's case, in the alternative, as set forth below and for the reasons stated in the Report and Recommendation, Plaintiff's claims fail and Defendants are entitled to summary judgment.

## 2. Exhaustion of Administrative Remedies

With respect to Plaintiff's objection that he has exhausted his administrative remedies because Defendants failed to timely respond to his grievances, this objection is without merit.

The Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a), mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." In Porter v. Nussle, the United States Supreme Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." 534 U.S. 516, 532 (2002). "[E]xhaustion may be achieved in situations where prison officials fail to timely advance the inmate's grievance or otherwise prevent him from seeking his administrative remedies[.]" Abney v. McGinnis, 380 F.3d 663, 667 (2d Cir. 2004).

Defendants reference Plaintiff's grievance records to demonstrate that he did not appeal his grievance regarding his hernia surgery until November 4, 2021, one day after he filed his complaint in this case. (Mem. Supp. Summ. J. Ex. 2 (Lexington County Grievance Form), ECF No. 100-2.) The grievance form was submitted by Plaintiff on October 23, 2021, and on the second page, it provides that the "Appeal by the Inmate" occurred on November 4, 2021. (Id., ECF No. 100-2.). Therefore, by the time Plaintiff appealed his grievance, he had already filed this complaint in federal court. Plaintiff contends that the grievance policy required a response within one day. However, Plaintiff cites to no authority for this bald assertion. Defendants have met the burden of showing that Plaintiff did not properly avail himself of the administrative remedy process by exhausting his claims prior to filing suit. Therefore, the court grants Defendants' motion for summary judgment for Plaintiff's failure to exhaust his administrative remedies.

7

### 3. Deliberate Indifference

Plaintiff's final objection – that the magistrate judge erred in concluding that he has failed to show deliberate indifference to his serious medical needs – is also without merit. "[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (internal quotation marks and citation omitted). A deliberate indifference to a serious medical need claim consists of an objective and subjective prong. Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014). To satisfy the objective prong, an inmate must show that he has a medical condition that is serious. Mays v. Sprinkle, 992 F.3d 295, 300 (4th Cir. 2021) (internal citations and quotations omitted). "A medical condition is objectively serious when it either is diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (internal quotation marks omitted). Under the subjective prong,

> the prison official must have acted with a sufficiently culpable state of mind. The subjective state of mind required is that of deliberate indifference . . . to inmate health or safety. And deliberate indifference requires that the official have had actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction.

Id. (internal citations and quotations omitted).

As to the first factor, Plaintiff asserts he has "two abdominal hernias and/or stomach defects that are so obvious [] a layperson can tell." (Compl. 6, ECF No. 1). In addition, Plaintiff contends that Defendants exhibited deliberate indifference to his medical needs by failing to schedule Plaintiff for surgery to repair his hernia and/or other defects despite knowledge of the severity of his hernias. (Id. 4, ECF No. 1.) Plaintiff admits that he has been

8

provided a hernia belt to treat his hernia, but contends that it has not provided him adequate relief and that there was an unreasonable delay in providing the hernia belt.  (Objs. 3, ECF No. 118.)  Plaintiff has argued that he needs surgery to repair his hernias.  A disagreement alone regarding a physician's method of treatment does not rise to the level of an Eighth Amendment violation.  See United States v. Clawson, 650 F.3d 530, 538 (4th Cir. 2011); Wright v. Collins, 766 F.2d 841, 849 (4th Cir.1985) (citation omitted).

Defendants have detailed the extensive medical care that has been provided to the Plaintiff.  In his affidavit, Defendant Jose J. Chavez ("Dr. Chavez"), a physician with 52 years of experience, indicates that Plaintiff is not a candidate for surgical repair of his hernia due to his prior burns that he received in a fire, which have significantly weakened his abdominal muscles and skin, meaning surgery would pose a significant infection risk.  (Mem. Supp. Summ. J. Ex. 1 (Chavez Aff., ¶ 12(a), ¶ 12(b)), ECF No. 100-1.)  Further, the evidence reflects that Plaintiff has received consistent care.  On February 17, 2020, Plaintiff's record indicates the potential development of an abdominal hernia while he was at a chronic care visit.  (Id. Ex. 1 (Chavez Aff., ¶ 11(k)), ECF No. 100-1.)  Since that time, Plaintiff's treatment for the hernia has included a compression shirt, as well as the hernia belt provided by Defendant Rouse, Motrin, and Tylenol.  (Id. Ex. 1 (Chavez Aff., ¶¶ 11(l); 11(n); 11(o); 11(p), 11(r), 11(s), 11(t)), ECF No. 100-1.)  In addition, Plaintiff requested and received a second opinion regarding the potential for surgery, and Defendant Rouse examined Plaintiff and agreed with Dr. Chavez's assessment that he was not a candidate for surgery.  (Id. Ex. 1 (Chavez Aff., ¶ 11(y)), ECF No. 100-1.)  Notably, Dr. Chavez further states that during this visit, Defendant Rouse noted that Plaintiff was not wearing his hernia belt as instructed.  (Id. Ex. 1 (Chavez Aff., ¶ 11(z)), ECF No. 100-1.)

In sum, there is no evidence in the record to counter Defendants' evidence that they have provided timely and consistent care for Plaintiff's hernias and that Plaintiff is not a candidate for hernia surgery. Plaintiff's argument pertains to his disagreement with Defendants' medical judgment, not their deliberate indifference. Based on the foregoing, the court grants Defendants' motion for summary judgment on Plaintiff's claim for deliberate indifference.

Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge West's Report and Recommendation and incorporates it herein by reference.

It is therefore

**ORDERED** that Defendants' motion for summary judgment, docket number 100, is granted. It is further

**ORDERED** Plaintiff's case is dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

s/ Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
January 11, 2023

### NOTICE OF RIGHT TO APPEAL

The Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.